IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DIANE MARIE REED,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:05CV82 TC |

　　　　Diane Marie Reed has filed a petition pursuant to 28 U.S.C. § 2255.  In her petition she makes a number of conclusory allegations which, according to Ms. Reed, show that her trial counsel was ineffective.

　　　　For the reasons set forth below, the court denies Ms. Reed's petition.

### Procedural Background

　　　　The grand jury indicted Ms. Reed on various charges of drug trafficking and possession of a firearm and ammunition by an unlawful user of a controlled substance.  On December 11, 2003, Ms. Reed plead guilty to one count of possession of a firearm by an unlawful user of a controlled substance (18 U.S.C. §922(g)(3)) and one count of possession of methamphetamine with intent to distribute (21 U.S.C. §841).  (2:03 CR 601, Dkt. No. 21)  On February 19, 2004, the court sentenced Ms. Reed to fifty-one months in custody to be followed by thirty-six months supervised release.  (Id., Dkt. No. 29)  Ms. Reed did not appeal her conviction or her sentence.

## Analysis

Reading Ms. Reed's petition liberally, it appears that Ms. Reed is claiming that her counsel was ineffective in two ways:  First, by failing to file a motion to suppress evidence found during the search of an automobile (which Ms. Reed was not driving nor did she own), and second, by allowing her to plead guilty when, in fact, she was not guilty.

Ms. Reed's claim of ineffective assistance of counsel is governed by the test set down in Strickland v. Washington, 466 U.S. 668 (1984).  To succeed under Strickland, a petitioner must show that "his trial counsel committed serious errors in light of 'prevailing professional norms' and that there is a 'reasonable probability' that the outcome would have been different had those errors had not occurred."  Strickland, 466 U. S. at 688.

 The record demonstrates that Ms. Reed cannot meet either prong of the Strickland test. contentions.  First, the stop that is the subject of Ms. Reed's Fourth Amendment argument was a traffic stop involving customers of Ms. Reed who told police officers that they had purchased drugs from Ms. Reid.  (Presentence Report at ¶ 11).  It is apparent that Ms. Reed would not have had standing to challenge the search of the automobile. Ms. Reed's residence was searched but this was done pursuant to a warrant.  (Id. at ¶ 12).  There is nothing in the record that would indicate that the search warrant or the affidavit were so defective as to warrant suppression of the firearms and drugs found in Ms. Reed's home.  Accordingly, although Ms. Reed's trial attorney did not challenge the search of either the automobile nor Ms. Reed's home, it is evident that this decision cannot be seen as error.

Ms. Reed's second argument appears to be that she was not guilty.  But her argument is undermined by her signed statement.  In connection with her plea of guilty, Ms. Reed executed a

document entitled "Statement By Defendant In Advance Of Plea Of Guilty." (2:03 CR 601, Dkt. No. 21). In this document, Ms. Reed certified and agreed that:

> On or about November 26, 2002, in the Central Division of the District of Utah, I knowingly possessed a Iver Johnson .20 gauge shotgun, a HR Model 158 30-30 rifle, two Rossi Model 62-SA. 22 rifles, a Marlin Model 39M .22 rifle, a Winchester Model 94 30-30 rifle, a Mauser (caliber unknown) rifle, a Bryco Arms Model 39 .380 automatic pistol and various rounds of ammunition; all in violation of 18 U.S.C. §922(g)(3).
>
> The above firearms were not manufactured in the state of Utah. By virtue of their presence in the state of Utah, they have traveled in and affecting interstate commerce within the meaning of 18 U.S.C. §921(a)(2).
>
> On the above date, I was a user of a Schedule II controlled substance as defined in section 102 of the Controlled Substances Act, 21 U.S.C. § 802.
> I admit that on November 26, 2002, I knowingly and intentionally possessed methamphetamine in my residence. I further admit that it was my intent to distribute that methamphetamine to others. I later learned from a laboratory report that the combined total weight of the white crystalline substance was 6.6 grams. The combined sample was found to be approximately 81 percent solids. The solids were approximately 89 percent pure methamphetamine. Based on the weight of the combined sample, the percent solids and the percent purity, the combined sample contains 4.7 grams of pure methamphetamine.
> I admit that my conduct violated 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

( Id. at ¶ 14)

Ms. Reed has pointed to no evidence other than her bald conclusions that would indicate that these facts, which she certified were true, are not correct. Her conclusory allegations are not sufficient to support her claims. See Hall v. Bellman, 935 F.2d 1106, 1113-24 (10th Cir. 1991)

For the above reasons, Ms. Reed's petition is DENIED.[1].

DATED this 24th day of May, 2005.

                                        BY THE COURT:

                                        *[signature: Tena Campbell]*

                                        TENA CAMPBELL
                                        United States District Judge

---

[1] Because the court conclusively decided this petition based on the materials in the record, there will not be a hearing on Ms. Reed's petition.